NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| TRUCKING EMPLOYEES OF NORTH JERSEY WELFARE FUND, INC.; THE TRUCKING EMPLOYEES OF NORTH JERSEY WELFARE FUND, INC. - PENSION FUND, | Civil Action No. 05-cv-5605 (PGS) |
| Plaintiffs, | OPINION |
| v. | |
| MOSKOWITZ MOTOR TRANSPORTATION, INC., | |
| Defendant. | |

**SHERIDAN, U.S.D.J.**

Plaintiffs, Trucking Employees of North Jersey Welfare Fund, Inc. ("Welfare Fund") and the Trucking Employees of North Jersey Welfare Fund, Inc. - Pension Fund ("Pension Fund") (collectively referred to as "plaintiffs") herein move for default judgment against Defendant Moskowitz Motor Transportation, Inc. ("MMTI"). The Summons and Complaint were properly served on defendant and no Answer or appearance has been made on defendant's behalf. On June 19, 2006, pursuant to plaintiffs' request, the Clerk of the Court entered default under Fed. R. Civ. P. 55(a). Plaintiffs now move for default judgment.

I.

Teamsters Local Union No. 560, affiliated with the International Brotherhood of Teamsters ("Local 560") and MMTI were parties to a collective bargaining agreement ("CBA") which had an

effective date of April 1, 2003 and an expiration date of March 31, 2008.  As part of the CBA, MMTI was required to remit, on a monthly basis, welfare and pension contributions to the Welfare Fund and Pension Fund on behalf of the bargaining unit employees in its employ.  The Welfare and Pension Funds are a multi-employer, welfare plan and pension plan within the meaning of Section 3(1), and (2) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1002(1) and (2).

At some point, plaintiffs audited MMTI's payroll records which revealed a delinquency in contributions due for the periods between April 1, 2003 through March 31, 2004, and from May 1, 2004 through August 16, 2004.  The matter went before an arbitrator on September 23, 2004.  No representative of MMTI appeared.  The arbitrator issued an Opinion and Award, ordering MMTI to pay the plaintiffs the sum of $25,758.00, plus attorneys fees and costs incurred in any post-judgment collection proceeding.  MMTI made two payments totalling $2,000.00, leaving an unpaid balance of $23,758.00.  Plaintiffs maintain that the Funds' Trust Agreements contain a collection provision, entitling the plaintiff to collect unpaid contributions, interest at ten percent (10%) per annum, liquidated damages of twenty percent (20%) or a double interest assessment, whichever is greater, attorney's fees, arbitration fees, and court costs.  Plaintiffs maintain that in addition to the $23,758.00 owed for contributions, it is owed $4,553.62 as the established 10% interest rate for the period between October 12, 2004 and the September 11, 2006 return date.

In August 2004, MMTI permanently ceased operations and terminated all bargaining unit employees, thus ceasing its obligation to remit pension contributions to the Pension Fund.  The Pension Fund determined that MMTI had a complete withdrawal from the Pension Fund and calculated MMTI's share of the Pension Fund's unfunded vested liability.  MMTI was advised that its withdrawal liability was $437,894.00 and notified MMTI of its payment schedule of $4,985.77

per month for 119 months commencing on May 1, 2005, with a final payment of $3,177.20. MMTI failed to remit its withdrawal liability payments, did not request a review of the withdrawal liability assessment, and failed to file for arbitration within the statutory time limits to challenge the withdrawal liability assessment.

II.

Federal Rule of Civil Procedure 55(b) governs the entry of a default judgment. Before a default judgment may be entered pursuant to Rule 55(b), a party must have the Clerk of the Court enter a default pursuant to 55(a). *De Tore v. Jersey City Public Employees Union*, 511 F.Supp. 171, 176 (D.N.J.1981). Courts are authorized to enter a default judgment against a defendant who is properly served but who fails to file a timely responsive pleading pursuant to Federal Rule of Civil Procedure 55(b)(2). *Anchorage Assoc. v. Virgin Is. Bd. of Tax Rev.*, 922 F.2d 168, 177 n. 9 (3d Cir.1990) ("When a defendant fails to appear ..., the district court or its clerk is authorized to enter a default judgment solely on the fact that the default has occurred.").

Even if a party has properly followed the requirements of Rule 55, they are not entitled to a default judgment as of right; instead, the entry of such a judgment is left to the sound discretion of the Court. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir.1984). The Third Circuit has cautioned that "discretion is not without limits, however, and we have repeatedly stated our preference that cases be disposed of on the merits whenever practicable." *Id.* at 1180-81 (citations omitted).

In evaluating a motion for a default judgment, a court must consider three factors: 1) whether a plaintiff will be prejudiced if default is not granted, 2) whether defendant has a meritorious defense, and 3) whether defendant's delay is the result of culpable misconduct. *Carpenters Health & Welfare Fund v. Naglak Design*, 1995 U.S. Dist. LEXIS 566 at *5 (E.D.Pa.1995) (citing *Emcasco*

*Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir.1987)).

      While a court should accept well-pled factual allegations of the complaint, it need not accept the movants legal conclusions or factual allegations regarding the amount of damages. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir.1990); *Directv, Inc. v. Asher*, 2006 U.S. Dist. LEXIS 14027 (D.N.J.2006) (citing *Charles A. Wright, Arthur R. Miller & Mary Kay Kane*, 10A Federal Practice and Procedure § 2688, at 58-59, 63 (3d ed.1998)). The Court must conduct its own inquiry "in order to ascertain the amount of damages with reasonable certainty." *In re Industrial Diamonds*, 119 F.Supp.2d 418, 420 (S.D.N.Y.2000) (citing *Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir.1999)).

### III.

      The record indicates that plaintiff effectuated service of process on defendant. Default was entered by the Clerk. Furthermore, although notice of the instant motion is not required in order to enter a default judgment under Rule 55(b)(2), the record indicates that defendant was served with notice of the instant motion for default judgment and with supporting documents on or about August 18, 2006, via first class mail. Thus, the Court is satisfied that defendant had ample notice of the Complaint and of the instant motion for default judgment and chose not to respond.

      Accordingly, the Court will treat the allegations as to liability in the Complaint as true and admitted by defendant. The public concern for ensuring that employers who are obligated under collective bargaining and trust agreements contribute to their employees' funds weighs in favor of entering default judgment in this matter. A failure to enter default in this matter would prejudice plaintiff in their ability to enforce the terms of their collective bargaining and trust agreements. Plaintiff have established grounds supporting default judgment. There is no evidence that MMTI's failure to answer the Summons and Complaint in this matter or to respond to the plaintiff's instant

motion for default judgment is attributable to a good-faith explanation, mistake, or excusable neglect. After viewing plaintiff's Complaint and Affidavits in support of the motion for default judgment, the Court is satisfied that plaintiff have sufficiently established the factors necessary to warrant entry of a default judgment.

IV.

The only allegations in a plaintiff's complaint that are not treated as true upon the entry of a default judgment are those pertaining to the amount of damages. *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir.1990). Under Rule 55(b)(2) a district court "may conduct such hearings or order such references as it deems necessary and proper" in order "to determine the amount of damages." However, if the damages are for a "sum certain or for a sum which can by computation be made certain," a further evidentiary inquiry is not necessary and a district court may enter final judgment. Fed.R.Civ.P. 55(b)(1); *KPS Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 19 (1st Cir.2003); *Comdyne I*, 908 F.2d at 1149. A claim for damages is not a "sum certain unless there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." *KPS Assocs.*, 318 F.3d at 19. "Such situations include actions on money judgments, negotiable instruments, or similar actions where the damages sought can be determined without resort to extrinsic proof." *Id.* at 19-20 (internal quotations omitted).

Even when faced with claims for uncertain damages a district court may still, using its discretion, decline to hold a Rule 55(b)(2) hearing, particularly where the "'amount claimed [is] capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.'" *Id.* at 21 (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir.1983)).

The only amount sought by plaintiff which can be considered by the Court as a "sum certain,"

is the arbitration award of $23,758.00. Plaintiffs seek interest on this figure in the amount of $4,553.62, which represents a 10% interest assessment between October 12, 2004 and September 11, 2006 as per the Funds' Trust Agreements. However, this agreement has not been provided and, thus, the Court does not have the necessary documentary evidence to substantiate this amount.

Plaintiffs claim that it calculated and determined MMTI's withdrawal liability. This figure is also not a "sum certain," and plaintiffs have not submitted documentary evidence substantiating this figure. However, "by failing to demand arbitration in a timely manner, defendant has waived any defense it may have had under [29 U.S.C.] §1398." *New York State Teamsters Conference Pension & Retirement Fund v. McNicholas Transp. Co.*, 658 F.Supp. 1469, 1475 (N.D.N.Y. 1987). "Since defendant has not made any payments to date on the withdrawal liability assessed by the Fund, defendant is in "default" within the meaning of 29 U.S.C. § 1399(c)(5). Therefore, the entire amount of defendant's withdrawal liability is due and owing." *Id.* at 1476. Thus, no Rule 55(b)(2) hearing is necessary, and default judgment will be awarded to plaintiffs for full amount of the withdrawal liability assessment.

In addition to this amount, plaintiffs seek 10% percent interest and liquidated damages at 20%, amounting to $65,684.09 and $87,578.00, respectively. Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2) requires an award of (1) unpaid contributions, (2) interest on unpaid contributions, (3) an amount equal to the greater of the interest on the unpaid contributions or liquidated damages provided for under the plan in an amount not in excess of 20 percent, (4) reasonable attorney's fees and costs, and (5) such other legal or equitable relief as the Court deems necessary. However, as stated above, the Funds have not provided the Funds' Trust Agreements which sets forth the claimed charges for 10% interest and 20% liquidated damages. The Court must review the documents to substantiate the claim.

Plaintiffs also seek an award of costs and attorney's fees. Plaintiffs have submitted a detailed affidavit demonstrating that counsel expended 17.50 hours on this matter at a rate of $238.00 per hour, for a total of $4,165.00. (Affidavit of David Grossman ("Grossman Aff.") ¶ 2). Additionally, counsel expended $499.90 in various costs. (Grossman Aff. ¶ 2.) Thus, the Court will award plaintiffs $4,664.90 in attorney's fees and costs.

The Court finds that plaintiff are entitled to a default judgment on the $23,758.00 arbitration award, the $437,894.00 withdrawal liability assessment, and attorney's fees in the amount of $4,664.90. The Court further finds that the amount plaintiffs claim in interest and liquidated damages is not capable of ascertainment from the figures contained in the evidence provided to the Court. The Court requires documentary evidence (the agreement) from plaintiffs demonstrating their claimed interest and liquidated damages. If submitted and determined to be valid, the Court will amend the judgment accordingly.

February 23, 2007                               S/ *Peter G. Sheridan*
                                                PETER G. SHERIDAN, U.S.D.J.